In Re the Estate of Agnes H. Fox, Deceased; Petition to be Declared an Heir Louise Scrogham *v.* Irwin Union Bank and Trust Company, Columbus, Indiana, Administrator, Julian Juern and Frieda Flori.

[No. 1-774A113. Filed May 19, 1975.]

*John H. Essex,* of Columbus, for appellant.

*James W. Long, Long and Long,* of Columbus, for appellee.

Robertson, C.J.—The petitioner-appellant (Louise Scrogham) is appealing the trial court's decision denying her petition to be declared an heir of Agnes H. Fox. The theory of Louise's petition is novel to this jurisdiction in that it seeks judicial approval of a doctrine of law referred to as equitable adoption.

For the reasons stated hereafter we concur in the trial court's rejection of that doctrine.

The evidence shows that Louise was taken into the Fox home at the age of seven days and remained there until the age of 18 when she left to be married. During that period of time she used the surname of Fox as well as doing chores and work about the farm. Louise and Mrs. Fox referred to each other as mother and daughter and Louise's children were referred to by Mrs. Fox as grandchildren. Neighbors and acquaintances did not know Louise to be other than the natural child of the Foxes.

Louise testified that her natural mother died shortly after her birth and that her natural father, who died in 1957, never communicated with her. She also testified that she had been told at some time that she had been adopted, however, she neither possessed any documentation of that fact nor did she remember when or by whom that fact was related to her.

There was no evidence in the record showing any statement or communication between the Foxes and Louise's natural parents regarding her adoption or any other agreement regarding her future. Nor was there any evidence that the Foxes stated any intention or obligation to adopt Louise. Moreover, that was no evidence of any adoption proceedings, attempted or completed.

Agnes Fox died intestate in early 1973.[1] Louise filed her petition to be declared an heir and the subsequent ruling by the trial court forms the basis of this appeal.

The issues are whether the doctrine of equitable adoption should be recognized in Indiana, and, if so, are the facts of this case sufficient to support a finding that Louise should be declared an heir of Agnes Fox? It is on the latter issue that this opinion is primarily based.

Generally speaking, the theory of recovery in an equitable adoption case is founded upon either equitable principles or upon a theory of estoppel. In the former it is a judicial remedy for an unperformed contract of legal adoption or, in the alternative, the ordering of "specific performance" of an implied contract to adopt.[2] The estoppel theory operates to preclude a party from asserting the invalidity of the status of an "adopted" child.[3]

We believe that it is understandable that the trial court,

---

1. Mr. Fox predeceased his wife by several years.

2. Obviously, a decedent cannot be ordered to specifically perform the act of adoption. The theory serves the limited purpose of making a child an heir for the purposes of inheritance.

3. Those interested in an erudite discussion of the various forms of equitable adoption and the jurisdictions which have considered the theory, are referred to: Note, *Equitable Adoption: They Took Him Into Their Home and Called Him Fred*, 58 Va. L. Rev. 727 (1972).

as well as this court, would have a reluctance to approve this principle of law. Our law of descent and distribution is of long standing and based upon the traditional relationships of marriage, blood, or adoption. That law has worked well—as evidenced in part by the fact that this is the first case of its kind in Indiana judicial history. Additionally, when one considers the other readily available alternatives of disposing of property by will or gift, we see no compelling reason to create a judicial doctrine to serve the same purpose when the statutory schemes of probate or adoption seem quite adequate.

Aside from the hesitation of approving an equitable adoption concept for his state we believe a more practical consideration of the merits of this individual case requires affirming the trial court.

That consideration centers on the amount of proof required to sustain a claim of equitable adoption, for in many instances where a state has approved the doctrine it has been done by requiring strict proof. Examples are: ". . . Clear, cogent and convincing . . ." *Wilks* v. *Langley* (1970), 248 Ark. 227, 451 S.W.2d 209; ". . . clear and convincing . . .", *Nichols* v. *Pangarova* (Wyo. 1968), 443 P.2d 756 and *In re Lampford's Estate* (1962), 90 Ariz. 363, 368 P.2d 318; and ". . . clear, cogent, and convincing as to leave no reasonable doubt in the chancellor's mind." *Long* v. *Willey* (Mo. 1965), 391 S.W.2d 301. It is readily apparent that something more than a mere preponderance of the evidence is required.

It is important, therefore, that there was a lack of evidence in this case of an intent of the Foxes to adopt Louise.

To paraphrase from *Wilks, supra,* that is ample proof in the record that the Foxes treated and reared Louise as they would have their own daughter, and that Louise treated them as a daughter should treat her parents. But, whatever commendable virtues may have prompted the mutual respect, admiration and appreciation Louise and the Foxes had and demonstrated for each other, such attitudes and treatment did not arise from a legal duty owed under the law. 451 S.W.

2d at 212. We conclude that the foregoing is equally applicable to this appeal.

Having found that the trial court correctly applied the law we affirm the judgment.

Judgment affirmed.

Lowdermilk and Lybook, JJ., concur.

NOTE.—Reported at 328 N.E.2d 224.